IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERTO HERNANDEZ a/k/a ROBERT HERNANDEZ,<br><br>      Plaintiff(s),<br> -against-<br><br>STATEN ISLAND UNIVERSITY HOSPITAL/NORTHWELL HEALTH,<br><br>      Defendant(s). | CIVIL ACTION No.: 22-CV-3572 |

**PLAINTIFF'S COMPLAINT**

Plaintiff, ROBERTO HERNANDEZ a/k/a ROBERT HERNANDEZ, by and through his undersigned attorney, Juan M. Ramos-Quintana, complains of defendant(s), STATEN ISLAND UNIVERSITY HOSPITAL/NORTHWELL HEALTH, and in support respectively allege(s), upon information and belief, as follows:

**JURISDICTION AND VENUE**

1. This action is authorized by and instituted under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq*. (hereinafter "FLSA"): 29 U.S.C. §207(a)(1); 29 U.S.C. §207(b); 29 U.S.C. §207(j); 29 U.S.C. §216; and the New York Consolidated Law-Labor Law Article 19, §§160-199, *et seq*. (hereinafter "NYLL"); NY Minimum Wage Act

(hereinafter "State Overtime Law"), §160(3); §663(1); §663(3); §663(4); §195(1)(a); §198(1); §198((1)(a); §198(1)b); §198(3); and §198(4). As to such Counts, the jurisdiction of this Court is invoked by Plaintiff Hernandez pursuant to 29 U.S.C. §216(b) and §626; also under 28 U.S.C. §1391(b), §1331, §1337 and §1367.

2. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §2201 and §2202.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b).

4. Defendant is located in New York State and is subject to personal jurisdiction in New York.

5. A substantial part of the events or omissions giving rise to Plaintiff Hernandez's claims occurred in this District.

## PRELIMINARY STATEMENT

6. This action is brought for (a) back pay; (b) forward pay; (c) retroactive pay; (d) punitive damages; liquidated damages; and compensatory damages as may be provided pursuant to both federal and state law; (e) attorney's fees; (f) costs and disbursements; (g) interest and (h) such other relief under Section 16(b) of FLSA and under Sections 160, 195, 198, and 663 of the NYLL.

7. Plaintiff Hernandez was paid on an hourly basis for sixty (60) hours of work bi-weekly. Plaintiff Hernandez has been denied overtime compensation and minimum wages as required by federal and state wage and hours laws.

## PARTIES

8. At all times hereinafter mentioned, the plaintiff, ROBERTO HERNANDEZ a/k/a ROBERT HERNANDEZ (hereinafter "Plaintiff" and/or "Hernandez"), is an individual and is domiciled in the Village of Suffern, Town of Ramapo, County of Rockland and State of New York.

9. At all relevant times, Plaintiff Hernandez was an employee of Defendant STATEN ISLAND UNIVERSITY HOSPITAL/NORTHWELL HEALTH, hereinafter "Defendant" and/or "SIUH".

10. Plaintiff Hernandez was initially employed by Defendant SIUH's corporate predecessor, Staten Island Hospital, in July, 1987 in the job classification as an "Emergency Room Representative".

11. Plaintiff Hernandez changed job classification in September, 1992 to "Radiologic Technologist".

12. In approximately year 2006, Plaintiff Hernandez again changed job classification to "Lead Imaging Technologist".

13. At all relevant times, Plaintiff Hernandez worked within Defendant SIUH's Department of Radiology under the job title of "Lead Imaging Technologist".

14. Plaintiff Hernandez remained as an employee of Defendant SIUH through all the previous corporate mergers, acquisitions, and/or re-organizations from July, 1987 through his resignation in November, 2021.

15. At all times hereinafter mentioned, Defendant SIUH is a domestic corporation duly organized and existing under the laws of the State of New York, with its principal place of business located at 475 Seaview Avenue, Richmond, New York 10305.

## NATURE OF PROCEEDING

16. This is a case about a teaching hospital that failed to pay Plaintiff Hernandez the wages to which he was entitled by law.

## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act-Overtime Pay Violation)

17. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

18. At all times hereinafter mentioned, Plaintiff Hernandez was an employee of Defendant SIUH.

19. Throughout his employment with Defendant SIUH, Plaintiff Hernandez has met the definition of an employee under applicable law, and has not been subject to any applicable exemptions or exclusions under applicable law, including, but not limited to, those for employees in executive, administrative, or professional roles.

20. Upon information and belief, at all times hereinafter mentioned, Defendant SIUH was an employer engaged in the operation of a hospital or an establishment which is an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises.

21. Upon information and belief, Defendant SIUH has the power to hire and fire employees, including Plaintiff Hernandez, direct their work, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

22. Upon information and belief, at all times relevant, Defendant SIUH had the power to stop the illegal pay practices described herein.

23. Defendant SIUH is a covered employer and/or enterprise engaged in commerce or in the production of goods for commerce as applicable within the meaning of the FLSA and the NYLL, and at all times relevant, employed Plaintiff Hernandez and failed to properly pay him for all compensable hours worked.

24. Plaintiff Hernandez was paid on an hourly basis for sixty (60) hours of work on a bi-weekly basis (hereinafter the "regular workweek"). Defendant SIUH used a work period of fourteen consecutive days in lieu of the workweek of seven consecutive days for purposes of overtime computation.

25. At all relevant times, Defendant SIUH required Plaintiff Hernandez to work sixteen straight hours from 8 a.m. through 12 a.m. on both Saturdays and Sundays as part of his regular workweek (hereinafter "double-shift Saturday" and/or "double-shift Sunday"). Additionally, Plaintiff Hernandez was not provided a "meal period" during either shift of the double-shift Saturday or double-shift Sunday.

26. Plaintiff Hernandez was paid at his "regular rate" of pay for fifteen (15) hours worked on each double-shift Saturday and double-shift Sunday, in clear violation of FLSA.

27. Defendant SIUH is liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiff Hernandez for all hours worked in excess of eight hours on each double-shift Saturday and double-shift Sunday at a rate not less than one and one-half times the regular rate at which he was employed.

28. At all relevant times, Plaintiff Hernandez was a member of 1199 SEIU/United Healthcare Workers East (hereinafter "Union") whose terms and conditions of employment were governed by the collective bargaining agreement (hereinafter "Contract") in effect between the

Union and Defendant SIUH.

29. The federal overtime pay provisions set forth in §201 *et seq.* of the FLSA apply to Defendant SIUH.

30. At all relevant times, Defendant SIUH knowingly failed to pay Plaintiff Hernandez overtime pay to which he was entitled under the FLSA.

31. Defendant SIUH's violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendant SIUH has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff Hernandez.

32. Because Defendant SIUH's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

33. As a result of Defendant SIUH's willful violations of the FLSA, Plaintiff Hernandez has suffered damages by being denied the overtime wages and other wages to which he is entitled to under the FLSA in accordance with 29 U.S.C. §201 *et seq.*

34. As a result of Defendant SIUH's unlawful acts, Plaintiff Hernandez has been deprived of the overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs and disbursements, and other compensation pursuant to 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
**(Fair Labor Standards Act - Record Keeping Violations)**

35. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

36. Defendant SIUH failed to make, keep, and preserve accurate records with respect to Plaintiff Hernandez as required by the FLSA, including hours worked each workday and total

hours worked each work week as required under 29 U.S.C. §211(c) and supporting federal regulations.

37. Defendant SIUH's failure to make, keep, and preserve accurate records was willful.

## THIRD CAUSE OF ACTION
### (New York Labor Law – Unpaid Increased Compensation Wages)

38. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

39. At all relevant times, Plaintiff Hernandez was an employee not subject to any applicable exemptions or exclusions and Defendant SIUH was an employer within the meaning of the New York State Labor Law (hereinafter "NYLL").

40. NYLL §160-1(3) defines the number of hours that constitute a legal day's work for Plaintiff Hernandez.

41. The number of hours that constitute a legal day's work for Plaintiff Hernandez is eight hours per day.

42. NYLL §160.1(3) requires that any hours worked by Plaintiff Hernandez in excess of 8 hours per day be paid at an "increased compensation".

43. 29 U.S.C. §778.102 states in relevant part that "**Nothing in the Act, however, will relieve an employer of** any obligation he may have assumed by **contract** or of **any obligation imposed by other Federal or State law** to limit overtime hours of work or **to pay premium rates for work in excess of a daily standard or for work on** Saturdays, Sundays, holidays, or **other periods outside of or in excess of the normal or regular** workweek or **workday**." [Emphasis added]

44. Defendant SIUH failed to pay Plaintiff Hernandez the increased compensation for which he was eligible and entitled to under the NYLL and FLSA when he worked a double-shift Saturday and/or a double-shift Sunday. By Defendant SIUH's failure to pay Plaintiff Hernandez the increased compensation for hours worked in excess of 8 hours per day, it has willfully violated the NYLL.

45. Defendant SIUH willfully violated its obligations under the NYLL and is liable to Plaintiff Hernandez.

46. Because of Defendant SIUH's violations of the NYLL, Plaintiff Hernandez is entitled to recover from Defendant SIUH his unpaid overtime, unpaid increased compensation, liquidated damages, reasonable attorney's fees, costs and disbursements of the action, and pre-judgment and post-judgment interest.

47. A six-year statute of limitations applies, pursuant to NYLL §198.3.

**FOURTH CAUSE OF ACTION**
**(New York Labor Law – Record Keeping Violations)**

48. Plaintiff Hernandez realleges and incorporates by reference all allegations in all preceding paragraphs.

49. Defendant SIUH failed to make, keep, and preserve accurate records with respect to Plaintiff Hernandez including hours worked each workday and total hours worked each workweek, as required by NYLL.

50. Defendant SIUH failed to furnish Plaintiff Hernandez with a statement with every payment of wages listing hours worked, rates paid and gross wages in violation of the NYLL and supporting New York State Department of Labor Regulations.

51. Defendant SIUH failure to make, keep, and preserve accurate records was willful.

## FIFTH CAUSE OF ACTION
### (New York Labor Law – Meals Violations)

52. Plaintiff Hernandez realleges and incorporates by reference all allegations in all preceding paragraphs.

53. NYLL §162.3-4 required Defendant SIUH to provide Plaintiff Hernandez with a meal period for the days he worked a double-shift Saturday and/or a double-shift Sunday. Defendant SIUH failed to provide the meal period to Plaintiff Hernandez.

54. Defendant SIUH willfully violated its obligations under the NYLL and is liable to Plaintiff Hernandez.

55. Because of Defendant SIUH violations of the NYLL, Plaintiff Hernandez is entitled to recover from Defendant SIUH his unpaid wages, liquidated damages, reasonable attorney's fees, costs and disbursements of the action, and pre-judgment and post-judgment interest.

56. Defendant SIUH's violations of the NYLL have been willful.

57. A six-year statute of limitations applies, pursuant to NYLL §198.3.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Hernandez prays for the following relief:

A. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 19, §650 *et seq.*, and the supporting

New York State Department of Labor regulations;

      B.      An award to Plaintiff Hernandez for unpaid overtime pay and other wages for which he is eligible along with an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 *et seq.*, and the supporting United States Department of Labor regulations;

      C.      An Order requiring Defendant to pay all statutorily required wages pursuant to NYLL and the supporting New York State Department of Labor regulations to Plaintiff Hernandez;

      D.      An award of consequential damages to Plaintiff Hernandez as a result of the acts and practices of Defendant;

      E.      An award of liquidated damages to Plaintiff Hernandez as a result of the acts and practices of Defendant;

      F.      An award of compensatory damages to Plaintiff Hernandez in an amount to be determined by the jury to be able to reasonably compensate Plaintiff Hernandez;

      G.      An award of attorney's fees, costs and disbursements to Plaintiff Hernandez; and

      H.      Such other and further relief as this Court deems necessary, just, and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

Hernandez demands a trial by jury on all questions of fact raised by the Complaint.

Dated: June 16, 2022
Stroudsburg, Pennsylvania

        Respectfully submitted,

        Juan M. Ramos-Quintana


By:  s/h JUAN M. RAMOS-QUINTANA
     JUAN M. RAMOS-QUINTANA


*Attorney for Plaintiff Hernandez*
145 Devonshire Drive
Stroudsburg, Pennsylvania 18360
Telephone: 570-236-6514

11