UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
ROBERTO HERNANDEZ a/k/a ROBERT  :
HERNANDEZ,  :
                                                                 Plaintiff,       :       REPORT AND
                                                                              :       RECOMMENDATION
              -against-                               :
                                                                              :       No. 22-CV-3572-RPK-JRC
STATEN ISLAND UNIVERSITY  :
HOSPITAL/NORTHWELL HEALTH,  :
                                               Defendant.     :
-------------------------------------------------------------------x

JAMES R. CHO, United States Magistrate Judge:

       On June 16, 2022, plaintiff Roberto Hernandez a/k/a Robert Hernandez ("plaintiff") commenced this action against Staten Island University Hospital and Northwell Health (collectively referred to as the singular entity "defendant"), alleging, *inter alia*, violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.*, as amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab. Law § 195. *See* Complaint ("Compl."), Dkt. 1. Currently pending before this Court, on referral from the Honorable Rachel P. Kovner, is defendant's motion to dismiss plaintiff's Complaint in its entirety pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See generally* Def. Mot. to Dismiss, Dkt. 17.

       For the reasons set forth below, this Court respectfully recommends granting defendant's motion to dismiss.

## Background

       In July 1987, plaintiff was hired by defendant's corporate predecessor, Staten Island Hospital, as an "Emergency Room Representative." *See* Compl. ¶ 10. In September 1992,

plaintiff's job classification changed to "Radiologic Technologist." *Id.* ¶ 11. In 2006, plaintiff's job classification changed again to "Lead Imaging Technologist," which classification he maintained until he resigned from his employment with defendant in November 2021. *Id.* ¶¶ 12-14.

Plaintiff alleges that defendant required him to work 16-hour shifts from 8:00 a.m. to 12:00 a.m. on Saturdays and Sundays, without providing plaintiff with a "meal period" during either shift. *Id.* ¶ 25. Defendant paid him hourly "at his 'regular rate' for fifteen (15) hours worked" for each shift, for a total of 60 hours of work on a bi-weekly basis. *Id.* ¶¶ 24, 26. However, plaintiff does not disclose his hourly rate or how much he was paid. According to plaintiff, defendant "used a work period of fourteen consecutive days in lieu of the workweek of seven consecutive days for purposes of overtime computation." *Id.* ¶ 24.

Plaintiff further alleges that he "was a member of 1199 SEIU/United Healthcare Workers East" (the "Union") and that the "terms and conditions of [his] employment were governed by the collective bargaining agreement" between the Union and defendant. *Id.* ¶ 28.

Plaintiff styles his Complaint as asserting five causes of action against defendant.[1] First, plaintiff contends that defendant violated the FLSA by failing to pay him an overtime premium (one and one-half times his regular rate) for all hours worked in excess of eight hours per day. *See id.* ¶ 27. Relatedly, plaintiff alleges that defendant violated the NYLL by failing to pay him "increased compensation" for those hours he worked in excess of eight hours per day. *See id.* ¶ 44. Third, plaintiff asserts that defendant violated the FLSA and the NYLL by failing to maintain records of the hours plaintiff worked. *See id.* ¶¶ 36, 49. Fourth, plaintiff alleges that

---

[1] The Complaint also contains stray references to causes of action or remedies that are inapplicable on the facts alleged, including the failure to pay minimum wages, *see* Compl. ¶ 7, and the availability of punitive damages and forward pay, *id.* ¶ 6. The Court presumes that those stray references are typographical errors.

defendant violated the NYLL by failing to provide a wage notice statement with every payment of wages. *See id.* ¶ 50. Finally, plaintiff alleges that defendant violated the NYLL's requirement that plaintiff be provided a meal period when he worked weekend double shifts. *See id.* ¶ 53.

## Discussion

### I. Legal Standards for Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief may be granted[.]" Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept the complaint's well-pleaded factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. *See, e.g., Lynch v. City of New York*, 952 F.3d 67, 74-75 (2d Cir. 2020); *Sherman v. Town of Chester*, 752 F.3d 554, 560 (2d Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Lynch*, 952 F.3d at 74. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff need not allege "detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level." *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014). "[A] formulaic recitation of the elements of a cause of action will not do"; the claim must set forth "more than labels and conclusions[.]" *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Rule 8 of the Federal Rules of Civil Procedure requires more than an "unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

In evaluating a motion to dismiss, a court may consider (1) facts alleged in the complaint

and documents attached to it or incorporated in it by reference, (2) documents "integral" to the complaint and relied upon in it, even if not attached or incorporated by reference, and (3) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence. *Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014); *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999).

## II.     Failure to Pay Overtime Wages under the FLSA – First Cause of Action

Plaintiff contends that defendant failed to pay him an overtime premium for those hours he worked in excess of eight hours per day, even though plaintiff does not allege that he worked more than 40 hours during any workweek. *See* Compl. ¶ 27. Defendant argues that plaintiff is not entitled to daily overtime because he fails to allege that an agreement existed between the parties requiring defendant to pay plaintiff daily overtime. *See* Defendants' Memorandum of Law in Support of their Motion to Dismiss ("Def. Mem.") at 7-8, Dkt. 17-3

Under the FLSA, an employer must pay for any hours worked by its employees in excess of 40 hours per week at a rate of one-and-one-half times their regular rate. *See* 29 U.S.C. § 207(a)(1); *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 88-89 (2d Cir. 2013). However, in an exception to the standard overtime rule, section 207(j)[2] permits hospital employers to avoid the requirement that they pay overtime for hours worked over 40 in a workweek by calculating overtime on the basis of 80 hours worked over two weeks and eight hours worked per day (the "8 and 80 overtime system"). *See* 29 U.S.C. § 207(j); 29 C.F.R. § 778.601; *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 n.7 (2d Cir. 2013); *Parth v. Pomona Valley Hosp. Med. Ctr.*, 630 F.3d 794, 799 (9th Cir. 2010). Hospital employers can invoke this

---

[2] The exception is available to employers that are "engaged in the operation of a hospital or an establishment which is an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises." 29 U.S.C. § 207(j).

4

alternate system *only* if there is an agreement or understanding with the employee, before the work begins, to use a 14-day period for computing overtime and that the employee would receive one and one-half times the regular rate for hours worked in excess of 80 hours in that 14-day time period or in excess of eight hours in any workday.  *See* 29 U.S.C. § 207(j); 29 C.F.R. § 778.601(c); *Nakahata*, 723 F.3d at 200 n.7; *Duff-Brown v. City and Cnty. of San Francisco*, No. 11-C-3917, 2013 WL 163530, at *4 (N.D. Cal. Jan. 15, 2013).  "The agreement must be entered into before the work begins and with the intent to use such a period permanently or for a substantial period of time." *Id.*; *see* 29 C.F.R. § 778.601(c).  "An employer can use both the standard 40 hour overtime system and the 8 and 80 overtime system for different employees in the same workplace, but they cannot use both for a single individual employee." *See* U.S. Dep't of Labor, Fact Sheet # 54: The Health Care Industry and Calculating Overtime Pay" (July 2009), available at https://www.dol.gov/agencies/whd/fact-sheets/54-healthcare-overtime.[3]

Under the standard overtime calculation method provided by the FLSA, an employer must pay an overtime premium only for hours worked by its employees in excess of 40 hours per week.  *See Magnoni v. Smith & Laquercia*, 483 F. App'x 613, 615 (2d Cir. 2012) (rejecting plaintiff's calculation of overtime on a daily basis).  Plaintiff alleges that he worked two 16-hour shifts each weekend, but does not allege that he worked any other hours.  *See* Compl. ¶ 25.  Thus, it is undisputed that plaintiff worked fewer than 40 hours per week.  Therefore, to recover overtime pay, plaintiff must establish that the 8 and 80 overtime system applies.  However, plaintiff has failed to allege that there existed the requisite agreement or understanding between plaintiff (or his representative) and defendant that defendant calculate overtime based on the 8

---

[3] "[I]t is clearly proper to take judicial notice of information retrieved from official government websites." *Suazo v. Ocean Network Express (N.A.), Inc.*, No. 20-CV-2016, 2023 WL 2330428, at *6  (S.D.N.Y. Mar. 2, 2023) (internal quotation marks and citation omitted).

and 80 overtime system. Instead, plaintiff merely alleges that defendant "**used**" the 8 and 80 overtime system. *See id.* ¶ 24 (emphasis added). In fact, plaintiff concedes in his opposition brief that "the employer and employee must have an agreement to use the '8 and 80 system' before any work is performed" and that plaintiff did not enter into any agreement with defendant regarding the 8 and 80 overtime system. *See* Pl. Mem. in Opp. ("Pl. Opp.") at 5, Dkt. 18-1 ("[T]he Defendants acknowledge that there was no written agreement directly with the Plaintiff. Moreover, Plaintiff has alleged that he made no such agreement."). Having failed to allege an agreement or understanding that defendant would apply the 8 and 80 overtime system, the Complaint's allegations are insufficient to state a plausible claim that plaintiff is entitled to recover daily overtime pay.[4]

Plaintiff argues that defendant's motion is premised on the theory that plaintiff has "failed to provide legal support for his factual allegations." Pl. Opp. at 1. However, the opposite is true -- plaintiff has failed to provide factual allegations to support his legal theory that he is entitled to daily overtime compensation. Accordingly, this Court recommends dismissing plaintiff's FLSA overtime claim.

### III. Failure to Pay Increased Compensation Wages Under the NYLL – Third Cause of Action

Plaintiff asserts a claim for "Unpaid Increased Compensation Wages" under New York Labor Law § 160. *See* Compl. ¶¶ 40-42. In his opposition brief, plaintiff fails to address defendant's argument that the statutory provision is inapplicable here.

---

[4] Since plaintiff does not allege, and, in fact, denies, the existence of an agreement with his former employer regarding the 8 and 80 overtime system, the Court need not reach defendant's argument that plaintiff's wage claims are preempted by a collective bargaining agreement ("CBA"). *See* Def. Mem. at 14-16. However, if plaintiff intends to seek leave to amend the Complaint, he should be mindful that "where an employee brings statutory wage claims 'substantially dependent' on or 'inextricably intertwined' with an analysis of a CBA, the employee's statutory claims will be preempted by Section 301 of the LMRA." *Freeman v. River Manor Corp.*, No. 17-CV-05162, 2019 WL 3578432, at *3 (E.D.N.Y. Aug. 5, 2019).

6

Section 160 of the New York Labor Law provides that a legal workday is eight hours and permits employers and employees to agree to a longer workday at an increased rate of compensation. *See* N.Y. Labor Law § 160(3) ("This subdivision shall not prevent an agreement for overwork at an increased compensation."). The statute does not contain any requirement that an employer pay overtime compensation for work in excess of eight hours per day.[5] *See Gallegos v. Brandeis Sch.*, 189 F.R.D. 256, 259 (E.D.N.Y. 1999) (relying on NYLL § 160 for the proposition that "New York does not have a mandatory overtime law"); *Ballard v. Community Home Care Referral Serv., Inc.*, 695 N.Y.S.2d 130, 131 (2d Dep't 1999) ("There are no provisions governing overtime compensation in the New York State Labor Law."); *Hornstein v. Negev Airbase Constructors*, 488 N.Y.S.2d 435, 437 (2d Dep't 1985) (citing NYLL § 160 for the proposition that "New York does not have a mandatory overtime law"). In fact, New York law itself does not provide for daily overtime pay in the absence of an employee working more than forty hours per week. *See Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 65 (2d Cir. 2003) (12 N.Y. Comp. Codes R. & Regs. § 142-2.2 "require[s] employers to compensate employees at one-and-one-half times the regular rate when an employee works in excess of 40 hours per week."); 12 N.Y. Comp. Codes R. & Regs. § 142-2.2 ("[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of" the overtime provisions of the FLSA).

To the extent plaintiff intended to rely on New York's overtime regulations, *see* Pl. Opp. at 3, those regulations also do not provide for daily overtime. *See Magnoni*, 483 F. App'x at

---

[5] In enacting the Minimum Wage Act, the New York State Legislature enacted specific minimum wages, *see* N.Y. Lab. Law § 652, but did not directly enact an overtime provision. Rather, the legislature delegated authority to the New York State Commissioner of Labor to issue "regulations governing . . . overtime," N.Y. Lab. Law § 655-56, which the Commissioner promulgated, s*ee, e.g.*, 12 Comp. Codes R. & Regs. §§ 142-2.2 (providing overtime wage for "miscellaneous industries and occupations"); 146-1.4 (hospitality industry). Those regulations mandate overtime pay and apply the same exemptions as the FLSA. *See Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 556 & n.1 (2d Cir. 2012).

7

615. Moreover, the New York regulations adopt the FLSA's exemption under section 207(j). *See* 12 N.Y. Comp. Codes R. & Regs. § 142-2.2. Therefore, such an overtime claim under New York law would fail for the same reasons as the FLSA claim.

In the Complaint, plaintiff further cites a U.S. Department of Labor regulation, *see* 29 C.F.R. § 778.102,[6] that provides that the FLSA does not relieve an employer of any obligation imposed by contract or state law to pay premium rates in excess of a daily standard. *See* Compl. ¶ 43. However, plaintiff has not identified a New York law or a contract that requires defendant to pay him an overtime premium for hours worked in excess of eight hours in a given day.

Moreover, since plaintiff did not provide any authority in support of this claim, nor respond to defendant's arguments in favor of dismissal, the Court further deems this claim abandoned. *See Cowan v. City of Mt. Vernon*, 95 F. Supp. 3d 624, 645-46 (S.D.N.Y. 2015) (deeming abandoned plaintiff's § 1983 claim where plaintiff did not respond to defendants' arguments); *Carrillos v. Inc. Village of Hempstead*, 87 F. Supp. 3d 357, 382 (E.D.N.Y. 2015) (same).

For the foregoing reasons, this Court recommends dismissing plaintiff's claim for "increased compensation" under section 160 of the New York Labor Law.

IV. **Meal Period Claim Under the NYLL – Fifth Cause of Action**

Plaintiff asserts a claim pursuant to section 162 of the New York Labor Law for defendant's failure to provide plaintiff with required meal breaks. *See* Compl. ¶ 53. Plaintiff is correct that New York law requires an employer to provide its employees with meal breaks of specified lengths based on the times and durations of their shifts. *See* N.Y. Labor Law § 162. However, it is well established there is no private right of action to enforce this statutory

---

[6] Incorrectly cited as 29 U.S.C. § 778.102 in the Complaint.

provision. *See, e.g., Haifeng Xie v. Sakura Kai I Inc.*, No. 17-CV-7509, 2019 WL 1568756, at *8 (E.D.N.Y. Apr. 11, 2019) (dismissing claim "because there exists no private right of action under this statute"); *Choudry v. Durrani*, No. 14-CV-4562, 2016 WL 6651319, at *13 (E.D.N.Y. Nov. 10, 2016); *Hill v. City of New York*, 136 F. Supp. 3d 304, 350-51 (E.D.N.Y. 2015) (collecting cases). Accordingly, this Court recommends dismissing plaintiff's Fifth Cause of Action.

V.   **FLSA and NYLL Recordkeeping Violations – Second and Fourth Causes of Action**

Plaintiff asserts claims against defendant under the FLSA and the New York Labor Law for failing to keep and preserve records regarding his hours worked. *See* Compl. ¶¶ 36-37, 49. However, there is no private right of action for recordkeeping claims under the FLSA. *See Marciano v. SJN Adjustment Grp., Inc.*, No. 18-CV-5222, 2019 WL 4888569, at *2 (E.D.N.Y. Sept. 30, 2019); *Swanson v. Manhattan Beer Distrib., LLC*, No. 15-CV-05383, 2018 WL 4008012, at *9 n.14 (E.D.N.Y. July 10, 2018); *Ayala v. Looks Great Servs., Inc.*, No. 14-CV-6035, 2015 WL 4509133, at *6 (E.D.N.Y. July 23, 2015) ("the FLSA does not authorize employees to bring a private right of action against an employer for failure to abide by the record-keeping requirements of Section 211(c)"). Similarly, there is no independent cause of action for violations of the New York Labor Law's recordkeeping provisions. *See Sun v. Sushi Fussion Exp., Inc.*, No. 16-CV-4840, 2022 WL 2466848, at *9 (E.D.N.Y. Mar. 8, 2022); *Marciano*, 2019 WL 4888569, at *2; *Xin Long Lin v. New Fresca Tortillas, Inc.*, No. 18-CV-3246, 2019 WL 3716199, at *6 (E.D.N.Y. May 1, 2019), *report and recommendation adopted*, 2019 WL 3714600 (E.D.N.Y. May 28, 2019); *Chan v. Big Geyser, Inc.*, No. 17-CV-06473, 2018 WL 4168967, at *10 (S.D.N.Y. Aug. 30, 2018). Therefore, this Court recommends dismissing plaintiff's claims for violation of the statutes' record-keeping provisions.

9

### VI. Wage Statement Claim under the NYLL – Fourth Cause of Action

Plaintiff further alleges that defendant failed to provide plaintiff with a wage statement each time he was paid. *See* Compl. ¶ 50. The New York Labor Law, as amended by the Wage Theft Prevention Act, 2010 N.Y. Laws ch. 564 § 3, requires an employer to "furnish each employee with a statement with every payment of wages" listing information including "the dates of work covered by that payment of wages" and the "rate or rates of pay and basis thereof[.]" N.Y. Lab. Law § 195(3). Defendant argues that this claim must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that plaintiff lacks standing. *See* Def. Mem. at 12-13.

It is well established that standing is an "irreducible constitutional minimum[.]" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A number of courts in this Circuit have recently held that the mere failure to provide a wage notice or wage statement, without more, is insufficient to confer Article III standing on an employee to bring those claims. *See, e.g., Sudilovskiy v. City WAV Corp.*, No. 22-CV-469, 2022 WL 4586307, at *5 (E.D.N.Y. Sept. 29, 2022); *Zuniga v. Newmark Wood Working Group Inc.*, No. 20-CV-2464, 2022 WL 3446331, at *8 (E.D.N.Y. Aug. 17, 2022); *Shi v. TL & CG Inc.*, No. 19-CV-08502, 2022 WL 2669156, at *8-*9 (S.D.N.Y. July 11, 2022); *Sevilla v. House of Salads One LLC*, No. 20-CV-6072, 2022 WL 954740, at *7 (E.D.N.Y. Mar. 30, 2022); *Wang v. XBB, Inc.*, No. 18-CV-7341, 2022 WL 912592, at *13 (E.D.N.Y. Mar. 29, 2022); *see generally TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021); *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 62-63 (2d Cir. 2021). Those courts have reasoned that in the absence of any causal connection between the purported informational failure and any harm that plaintiffs allegedly suffered, there is no

10

cognizable injury. "Technical statutory violations that do not lead 'to either a tangible injury or something akin to a traditional cause of action' cannot sustain Article III standing in federal court." *Sevilla*, 2022 WL 954740, at *7 (quoting *Francisco v. NY Tex Care, Inc.*, No. 19-CV-1649, 2022 WL 900603, at *7 (E.D.N.Y. Mar. 28, 2022)).

Here, plaintiff fails to allege that an underpayment of wages would not have occurred, or would have been reduced, had plaintiff received proper wage statements. *See Sudilovskiy,* 2022 WL 4586307, at *5; *Shi*, 2022 WL 2669156, at *9; *Wang*, 2022 WL 912592, at *13 ("Plaintiff has not linked any injury-in-fact to [the d]efendants' failure to provide statutory notices under the NYLL, so she lacks standing to recover on that claim."). Accordingly, this Court recommends dismissing plaintiff's wage statement claim for lack of standing.

## Conclusion

For the foregoing reasons, this Court respectfully recommends granting defendant's motion to dismiss in its entirety. If plaintiff wishes to amend his pleadings, it is further recommended that plaintiff be granted 30 days from the adoption of this Report and Recommendation to seek leave to amend with the proposed Amended Complaint attached as an exhibit.[7] The motion should explain how the Amended Complaint addresses the pleading defects identified in this Report and Recommendation.

A copy of this Report and Recommendation is being electronically served on counsel. Any objections to the recommendations made in this Report must be filed with the Honorable Rachel P. Kovner within 14 days after the filing of this Report and Recommendation and, in any event, on or before **September 1, 2023**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

---

[7] If plaintiff seeks leave to amend, he should also consider defendant's corporate disclosure statement in order to name the correct entity. *See* Dkt. 9 (certifying that Staten Island University Hospital's sole corporate member is Northwell Healthcare, Inc. ("NHI"), and NHI's sole corporate member is Northwell Health, Inc.).

Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

The Clerk is requested to enter this Report and Recommendation into the ECF system.

**SO ORDERED.**

Dated: Brooklyn, New York
August 18, 2023

s/ James R. Cho
James R. Cho
United States Magistrate Judge